UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORTHSHORE PHARMACY,

        Plaintiff,

v.

RESIL HEALTH,

        Defendant.

Case No.: 21-CV-652

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiff, Northshore Pharmacy ("Plaintiff"), brings this action on behalf of itself and others similarly situated, through its attorneys alleges the following against Resil Health ("Defendant") for violations of the Telephone Consumer Protection Act:

### INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. The TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without the recipients consent or a prior business relationship. Additionally, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time

retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes like those the Defendant sends.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and injunctive relief to preclude Defendant from committing future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because it has committed illegal acts in this District by causing the transmission of unlawful communications into the District.

7. Venue in this district is proper because for the same reason.

8. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

## PARTIES

9. Plaintiff, Northshore Pharmacy is a Wisconsin corporation located in Shorewood, Wisconsin.

10. Defendant Resil Health sells a COVID-19 vaccine and testing management platform. Its principal place of business is 215 N. Hermitage Avenue #9, Trenton, New Jersey 08618.

## FACTS

11. The Defendant sent unsolicited advertisements to Plaintiff's ink- and-paper facsimile machine. The faxes advertise a COVID-19 vaccine and testing management platform. Copes of some of the faxes are attached hereto and marked as follows:

   a. Exhibit A is a fax Defendant sent and Plaintiff received on April 7, 2021 at 3:49 pm.

   b. Exhibit B is a fax Defendant sent and Plaintiff received on April 7, 2021 at 3:57 pm.

12. Exhibits A and B are examples of the junk faxes Defendant sent.

13. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

14. Defendant did not and does not have prior existing business relationship with Plaintiff.

15. Defendant's faxes did not contain the opt out notice required under the Telephone Consumer Protection Act.

16. The Plaintiff received the faxes on a traditional fax machine, which automatically prints each facsimile advertisement the Defendant sent.

## CLASS ACTION ALLEGATIONS

17. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant.

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary.

Plaintiff seeks to certify a class that includes but is not limited to the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

18. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

19. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    (a)    Whether the Defendant sent unsolicited fax advertisements;

    (b)    Whether Defendant's faxes sent to other persons, not the Plaintiff, constitute advertisements;

    (c)    Whether the Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

    (d)    The manner and method the Defendant used to compile or obtain the list of fax numbers to which they sent Exhibits A and B and other unsolicited faxed advertisements;

    (e)    Whether the Defendant faxed advertisements without first obtaining the recipient's prior express invitation or permission;

    (f)    Whether the Defendant sent the unsolicited faxed advertisements knowingly or willfully;

    (g)    Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the

regulations promulgated thereunder;

(h) Whether the Defendant should be enjoined from faxing advertisements in the future;

(i) Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(j) Whether the Court should award treble damages.

20. Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendant advertising products, goods, or services of the Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for himself and all class members based upon the same federal statute. The Defendant has acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes without prior express invitation or permission.

21. Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

22. Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)): Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that the

5

Defendant may assert and attempt to prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) The Defendant identified persons to receive the fax transmissions and it is believed that the Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 et seq.

23. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless the three-part safe harbor in 47 U.S.C. § 227(b)(1)(C) is satisfied.

24. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

25. **The Faxes.** At least from April 17, 2021, the Defendant has sent advertisements via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Faxes constituted advertisements under the Act and the regulations implementing the Act. The Faxes were transmitted to persons or entities without their prior express invitation or permission.

26. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, the Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA that were transmitted to persons or entities without their prior express invitation or permission. By virtue thereof, the Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that the Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by

this Court, will do so in the future.

28. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id*.

28. The TCPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if their actions were only negligent.

29. The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given prior express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's products, goods or services; (b) that Defendant had no established business relationship with Plaintiff or other class members; (c) the Defendant transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice; and (e) Defendant's transmission of advertisements without the required opt-out notice and without prior express invitation or permission was unlawful.

30. The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used the Plaintiff's and the other class members' telephone lines and fax machines. The Defendant's faxes cost the Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

# CLAIM FOR RELIEF

## Violations of the Telephone Consumer Protection Act
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

31. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

33. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

35. Plaintiff never consented to receiving Defendant's fax advertisements.

36. Defendant did not have an established business relationship with Plaintiff.

37. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. See 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt- out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. See 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

38. The Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

39. The Defendant faxed unsolicited advertisements to Plaintiff.

40. The Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for the Defendant to fax advertisements about its services; (b) that Exhibits A and B are advertisements; and (c) that Defendant's faxes did not contain a compliant opt-out notice.

41. Defendant's actions caused actual damage to Plaintiff. The Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's fax machines. The Defendant's faxes cost Plaintiff time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

42. In addition to statutory damages (and the trebling thereof), Plaintiff is entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Northshore Pharmacy, individually and on behalf of all others similarly situated, demands judgment in his favor and against the Defendant Resil Health, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class, and appoint the Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court enjoin the Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Dated this 25th day of May, 2021.

**HANSEN REYNOLDS LLC**

/s/ Michael C. Lueder
Michael C. Lueder
mlueder@hansenreynolds.com
Hansen Reynolds LLC
301 N Broadway, Suite 400
Milwaukee, Wisconsin 53202
Ph: 414-455-7676
Fax: 414-273-8476

*Attorney for Plaintiff*